**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00360-JLS-DFM            Date: June 29, 2020
Title: David L. Miller et al v. FCA US LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 13)**

     Before the Court is a Motion to Remand this action to Orange County Superior court filed by Plaintiffs David and Stephanie Miller. (Mot. Doc. 13.) Defendant FCA US LLC opposed, and Plaintiffs replied. (Opp., Doc. 21; Reply, Doc. 23.) Having taken the matter under submission and considered all relevant papers, for following reasons, the Court GRANTS Plaintiffs' Motion to Remand and REMANDS the case to Orange County Superior Court, Case No. 30-2020-01124678-CU-BC-CJC.

**I.      BACKGROUND**

     Plaintiffs, residents of Laguna Niguel, California, filed this "lemon law" action in Orange County Superior Court on January 15, 2020. (Complaint, Doc. 1-2.) Plaintiffs allege that they purchased a new 2013 Jeep Grand Cherokee, VIN No. 1C4RJFCG0DC522972 (the "Subject Vehicle"), on approximately October 2, 2012 for consideration totaling $48,893.96, to be paid over the course of an installment contract. (*Id*. ¶¶ 6-7.) Plaintiffs purchased the Subject Vehicle from Defendant Tuttle-Click, Inc., a California corporation acting as FCA's authorized sales and leasing agent. (*Id*. ¶¶ 3, 7; Notice of Removal ¶ 25.) FCA is a limited liability company which is owned by entities that are citizens of Delaware, Michigan, the United Kingdom, and the Netherlands. (*See* Opp. at 5-6; FCA Notice of Interested Parties, Doc. 20.)

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00360-JLS-DFM | Date: June 29, 2020 |
| Title: David L. Miller et al v. FCA US LLC et al. | |

Plaintiffs further allege that along with the purchase of the Subject Vehicle, Defendants each issued written warranties, and other express and implied warranties, whereby they guaranteed the vehicle's components in terms of materials and workmanship and committed to performing any repairs or other work needed to "conform [the vehicle] to the promises and affirmations of fact made" and to ensure that it remained "free from any defects in material and workmanship." (*Id.* ¶ 9.) Following their purchase, Plaintiffs aver that among other defects, the Subject Vehicle experienced a "a defective Engine System, the check engine light illuminating, a T case shift motor replacement, an exhaust camshaft installment, abnormal clunking sounds, a faulty brake pedal, and a motor mount leak." (*Id.* ¶ 12.) Despite Plaintiffs' delivery of the Subject Vehicle to FCA-authorized service and repair facilities, Defendants have not repaired the vehicle to conform it to the applicable warranties. (*Id.* ¶¶ 10, 12, 13.)

In their Complaint, Plaintiffs assert claims for: (1) breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 *et seq.* and (2) breach of express warranty under the Song-Beverly Act. (Compl. ¶¶ 14-34.)

FCA removed the action to this Court on February 21, 2020, asserting that an exercise of federal diversity jurisdiction is appropriate under 28 U.S.C. Sections 1332, 1441, 1446. (Notice of Removal, Doc. 1.) In the Notice of Removal, removal is characterized as proper because (1) the parties are diverse, and (2) the amount in controversy exceeds $75,000. (*Id.* ¶¶ 11-39.) The argument that the parties in this matter are completely diverse relies on FCA's contention that Defendant Tuttle-Click, Inc., the entity operating the car dealership from which Plaintiffs purchased the Subject Vehicle, has been fraudulently joined in this action. (*Id.* ¶¶ 25-39.)

## II.     LEGAL STANDARD

### A. Removal

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00360-JLS-DFM                    Date: June 29, 2020
Title: David L. Miller et al v. FCA US LLC et al.

over the action. *See* 28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Fraudulent Joinder

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). That is, a fraudulently joined "sham" defendant's presence in the lawsuit is "not relevant for purposes of [determining] diversity jurisdiction." *United Comput. Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002).

"Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "In the Ninth Circuit, a non-diverse defendant is deemed a [fraudulently joined] sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00360-JLS-DFM | Date: June 29, 2020 |
| Title: David L. Miller et al v. FCA US LLC et al. | |

*Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted), and "the failure is obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indemnity Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

The Court's assessment of "disputed questions of fact" may look to the factual record beyond the pleadings. *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Moreover, the "party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" due to the "general presumption against fraudulent joinder." *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter*, 582 F.3d at 1046). In conducting this analysis, "[t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability." *Flores v. ABM Industry Groups, LLC*, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018). Rather, the plaintiff need only show that there are some facts—even if disputed—that support a conceivable legal theory of liability against the non-diverse defendant. *Id.*; *Ritchey*, 139 F.3d at 1318 (noting that the key inquiry is "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants . . . [and not] an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action").

### III.     DISCUSSION

In their Motion, Plaintiffs argues that FCA failed to meet its burden of showing the propriety of removal, based on diversity jurisdiction, for two reasons – FCA did not adequately demonstrate that (1) the amount in controversy exceeds $75,000 and (2) the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00360-JLS-DFM | Date: June 29, 2020 |
| Title: David L. Miller et al v. FCA US LLC et al. | |

parties to this dispute are completely diverse. As it is dispositive, the Court addresses only the diversity of citizenship issue.

Based on the facts set forth above, the parties do not dispute that: (1) Plaintiffs are citizens of California; (2) Defendant FCA is a citizen of Delaware, Michigan, the United Kingdom, and the Netherlands, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); and (3) Defendant Tuttle-Click, Inc., is a California citizen. As noted above, the relevant question is whether Tuttle-Click is a properly joined party to this dispute – if so, its presence destroys complete diversity, deprives this Court of subject-matter jurisdiction, and requires that this case be remanded to state court.

FCA's fraudulent joinder argument proceeds in two steps. First, FCA asserts that because Tuttle-Click was not a party to the express warranty issued to Plaintiffs by FCA, Plaintiffs may recover against Tuttle-Click only under their implied warranty claim. (Opp. at 7-8; Notice of Removal ¶¶ 29-31.) Second, FCA contends that the statute of limitations applicable to the implied warranty claim, under California Civil Code Section 1791.1(c) and California Commercial Code Section 2725, has run and Plaintiffs cannot benefit from any tolling based upon "delayed discovery." (Opp. at 8-14; Notice of Removal ¶¶ 32-39.) FCA submitted identical argument in response to a motion to remand in another "lemon law" action recently before this Court. The Court was unconvinced and noted that the argument had "been rejected repeatedly." *Robey v. FCA US LLC*, No. 8:20-cv-00367-JLS-DFM, 2020 WL 2488575, at *2-*3 (C.D. Cal. May 14, 2020) (collecting cases). In brief, the Court explained that holdings of the Ninth Circuit and California appellate courts clearly demonstrate that "implied warranty claims under the Song-Beverly Act based on a latent defect discovered outside the durational limit [set forth in California Civil Code Section 1791.1(c)] are permissible." *Id*. at *3 (discussing *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297 (2009); *Daniel v. Ford Motor Co.*, 806 F.3d 1217 (9th Cir. 2015)).

Accordingly, there, as here, FCA failed to meet its onerous burden of showing joinder of the defendant dealership was fraudulent. *Id*. Further, as explained above, "if there is *a possibility* that a state court would find that the complaint states a cause of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00360-JLS-DFM | Date: June 29, 2020 |
| Title: David L. Miller et al v. FCA US LLC et al. | |

action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (emphasis added). But just as in *Robey*, "even if FCA's tolling argument could stand, FCA did not address the possibility that Plaintiff[s'] implied warranty claim against [the dealership] is subject to equitable and/or fraudulent concealment tolling." *Robey*, 2020 WL 2488575, at *3 (citing *Askew v. Ford Motor Co.*, No. 3:18-cv-02776-GPC-KSC, 2019 WL 1724250, at *3 (S.D. Cal. Apr. 18, 2019)). Beyond tolling based on delayed discovery, those doctrines present additional routes by which a state court could find that Plaintiffs' Complaint adequately states, or could be readily amended to state, a cause of action for breach of implied warranty against Tuttle-Click. *See Cogswell v. Ford Motor Co.*, No. 3:18-CV-2693-H-LL, 2019 WL 410475, at *3 (S.D. Cal. Feb. 1, 2019)

      Accordingly, the Court concludes that the joinder of Tuttle-Click to this action was not fraudulent. As such, there is not complete diversity among the parties, and the Court does not have diversity jurisdiction over this litigation.

## IV.    CONCLUSION

      For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED. This case is REMANDED to Orange County Superior Court, Case No. 30-2020-01124678-CU-BC-CJC.

Initials of Preparer: tg